## McCAMIC LAW FIRM, PLLC

80 12th Street, Suite 305
Wheeling, WV 26003
Telephone: 304-238-9460
Fax: 304-830-5324

January 11, 2023

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219
*Via ECF*

Re: *Bulger v. Hurwitz et al.*, No. 22-1106: Rule 28(j) authority,

Dear Ms. Connor,

The Plaintiff-Appellant write to inform the Court of this Court's decision in *Fobian v. Storage Tech. Corp.*, 164 F.3d 887 (4th Cir. 1999) (attached). In *Fobian*, this court concluded that a party could file a motion under Federal Rules of Civil Procedure Rule 60(b) in the district court while *at the same time* an appeal was being prosecuted in the appellate court.

Despite a general longstanding understanding of courts and litigants that a trial court divests itself of jurisdiction over "those aspects of the case involved in the appeal." this court in *Fobian* outlined a procedure whereby a litigant could file, and a district court could consider a Rule 60(b) motion "in aid of the appeal."

As the Plaintiff-Appellant has filed a motion in this court to supplement the record with the addition of the OIG report and since discovering *Fobian*, Plaintiff believes that the OIG report, if reviewed by the district court may cause it to vacate its dismissal order and reopen the record below. Stating in sum that the motion before the district court should be able to be handled promptly and either denied as meritless or

> If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By

saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir.1955).

*Id* at 891.

As the time period for filing a Rule 60(b) motion expires tomorrow, Plaintiff-Appellant filed his Rule 60(b) motion at *Bulger v. Hurwitz, et al.* Case No. 3:20-cv-206, ECF Doc. 66.

Lastly, as oral argument is scheduled for January 26, 2023, depending on the time available for the district court to review and rule on the motion a stay of the argument may be necessary.

Yours truly,

Jay T. McCamic, Esq.

JTMcC:hb
Enclosure

164 F.3d 887
United States Court of Appeals,
Fourth Circuit.

Frank R. FOBIAN, Plaintiff–Appellant,

v.

STORAGE TECHNOLOGY CORPORATION,
Defendant–Appellee.

Ralph D. Green, Plaintiff–Appellant,

v.

Storage Technology Corporation, Defendant–
Appellee.

Frank R. Fobian; Ralph D. Green, Plaintiffs–
Appellants,

v.

Storage Technology Corporation, Defendant–
Appellee.

Frank R. Fobian; Ralph D. Green, Plaintiffs–
Appellants,

v.

Storage Technology Corporation, Defendant–
Appellee.

Nos. 97–1477, 97–1822, 98–1848 and 98–1849.
|
Argued Oct. 29, 1998.
|
Decided Jan. 13, 1999.

**Synopsis**
Former employees brought actions against former employer
alleging discharge in violation of the Age Discrimination in
Employment Act (ADEA). Following entry of orders granting
summary judgment in favor of employer as to first employee,
959 F.Supp. 742, and as to second employee, and following
employees' timely appeals from those orders, the United
States District Court for the Eastern District of Virginia,
Richard L. Williams, Senior District Judge, dismissed, for
lack of jurisdiction, employees' motions to vacate judgments.
Employees appealed. The Court of Appeals, Diana Gribbon
Motz, Circuit Judge, held that district court has jurisdiction to
entertain motion to vacate filed while judgment is on appeal.

Vacated and remanded.

**Procedural Posture(s):** On Appeal.

West Headnotes (4)

[1]  **Federal Civil Procedure** ⬩ Relief from
Judgment

As a general matter, the district court is the proper
forum in which to bring motions for relief from
that court's own judgments. Fed.Rules
Civ.Proc.Rule 60(b), 28 U.S.C.A.

17 Cases that cite this headnote

[2]  **Federal Courts** ⬩ Effect of Transfer of Cause or
Proceedings Therefor

Principle, that appeal divests trial court of
jurisdiction over those aspects of case involved in
the appeal, is not without exceptions, including
exception under which district court retains
jurisdiction over matters in aid of the appeal.
Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A.

68 Cases that cite this headnote

[3]  **Federal Courts** ⬩ Amendment of, vacation of, or
relief from judgment

When motion to vacate judgment is filed while
judgment is on appeal, district court has
jurisdiction to entertain motion, and should do so
promptly, and if court determines that motion is
meritless, court should deny it forthwith, and any
appeal from denial can be consolidated with
appeal from underlying order; if district court is
inclined to grant motion, it should issue short
memorandum so stating, and movant can then
request limited remand from Court of Appeals for
that purpose. Fed.Rules Civ.Proc.Rule 60(b), 28
U.S.C.A.

135 Cases that cite this headnote

[4]  **Federal Courts** ⬩ Justiciability in general
**Federal Courts** ⬩ Nature of dispute;
concreteness

Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them and are prohibited from issuing opinions advising what the law would be upon a hypothetical state of facts.

1 Case that cites this headnote

**Attorneys and Law Firms**

**\*888 ARGUED:** Thomas Hunt Roberts, Thomas H. Roberts & Associates, P.C., Richmond, Virginia, for Appellant. **ON BRIEF:** Thamer Eugene Temple, III, McSweeney, Burtch & Crump, P.C., Richmond, Virginia, for Appellee. Jack W. Burtch, Jr., McSweeney, Burtch & Crump, P.C., Richmond, Virginia, for Appellee.
Before MICHAEL and MOTZ, Circuit Judges, and STAMP, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

Vacated and remanded by published opinion. Judge MOTZ wrote the opinion, in which Judge MICHAEL and Chief Judge STAMP joined.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

The question presented here is how a district court is to treat a Rule 60(b) motion to vacate a judgment when an appeal from that judgment is pending in this court. The district **\*889** court in this case determined that it lacked jurisdiction to consider two such motions and, for this reason, dismissed them. We hold that a district court does retain jurisdiction to entertain a Rule 60(b) motion, even when the underlying judgment is on appeal. Accordingly, we vacate and remand for further proceedings.

I.

Frank R. Fobian and Ralph D. Green (hereafter, collectively, the employees) brought separate actions against their former employer, Storage Technology Corp. (the Company), each asserting that its discharge of him violated the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 et seq. (1985 and Supp. 1998).

The district court granted summary judgment to the Company in both cases—against Fobian on April 7, 1997 and against Green on May 19, 1997. Each employee noted a timely appeal and the cases were consolidated. On April 2, 1998, within one year of entry of the orders granting summary judgment, each of the employees filed a Rule 60(b) motion with the district court seeking relief from the summary judgment orders based on newly discovered evidence, fraud, misrepresentation, and other misconduct.

In a single order, the district court dismissed both Rule 60(b) motions for lack of jurisdiction. The employees then filed a consolidated motion for limited remand with this court requesting remand of the case "for the limited purpose of allowing the district court" to reconsider their Rule 60(b) motions. Rather than immediately ruling on this motion, we ordered briefing and argument on the issue. Meanwhile, the employees moved for reconsideration in the district court of its order dismissing the Rule 60(b) motions, which that court denied. Shortly thereafter, the employees appealed both the order dismissing their Rule 60(b) motions and the order denying their motion for reconsideration of those dismissals.

This consolidated appeal thus requires us to determine the proper procedure for addressing a Rule 60(b) motion for relief from an order while that order is on appeal. Because we conclude that a district court has jurisdiction to entertain such motions, we vacate the district court's order dismissing the employees' motions for lack of jurisdiction and remand for further proceedings consistent with this opinion.

II.

The employees maintain that a Rule 60(b) motion should be considered in the first instance by the court that issued the underlying judgment and that the district court therefore erred in dismissing their Rule 60(b) motions for lack of jurisdiction. The Company contends that the district court acted properly

because the appeal from the underlying judgments "divested the district court of jurisdiction over [the employees'] cases." To resolve this dispute, we must navigate between two well established principles: the primacy of a district court's authority over motions for relief from its own judgments and the prohibition against two courts simultaneously exercising jurisdiction over a case.

[1] As a general matter, the district court is the proper forum in which to bring Rule 60(b) motions for relief from that court's own judgments. "It is obvious that a motion under Fed.R.Civ.P. 60(b)(1) or (3)... should be filed in the district court.... The district court is the proper forum to determine in the first instance whether there is sufficient basis to overturn the judgments." *See Weisman v. Charles E. Smith Management, Inc.,* 829 F.2d 511, 513–14 (4th Cir.1987); Fed.R.Civ.P. 60(b) advisory committee's note (motion is filed "in the court and in the action in which the judgment was rendered"). Furthermore, litigants who seek Rule 60(b) relief typically cannot wait until an appeal has been concluded to request such relief because the period during which the case is on appeal counts toward determining whether a Rule 60(b) motion is timely filed. *See* 12 James W. Moore et al., Moore's Federal Practice § 60.67[a] (Daniel R. Coquillette, et al., eds., 3d ed.1998). For this reason, as the parties agree, litigants must be permitted to *file* these motions in the district court even while an appeal is pending.

**\*890** [2] The extent to which the district court can then act upon Rule 60(b) motions during the pendency of an appeal is where the parties disagree. Undeniably, appeal from an underlying judgment complicates the district court's role with respect to a Rule 60(b) motion to revise that judgment. This complication stems from the well-established principle that an appeal divests a trial court of jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *see also In re Grand Jury Proceedings Under Seal,* 947 F.2d 1188, 1190 (4th Cir.1991). This principle, however, is not without exceptions. Of most interest here, the district court retains jurisdiction over matters "in aid of the appeal." *Grand Jury Proceedings,* 947 F.2d at 1190. Thus, the question becomes whether a district court's consideration of a Rule 60(b) motion while an appeal from the underlying judgment is pending is "in aid of the appeal."

We believe that it is. *See Travelers Ins. Co. v. Liljeberg Enter., Inc.,* 38 F.3d 1404, 1408 n. 3 (5th Cir.1994); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni,* 601 F.2d 39, 41–42(1st Cir.1979). If we were to hold, as the Company urges and as two of our sister circuits have held, that an appeal divests a district court of all jurisdiction to entertain such motions, *see Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir.1993); *Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir.1984), the initial review of a Rule 60(b) motion would have to be made at the appellate level; an appellate court would have to consider the motion and determine if it should even be entertained by the district court. This procedure flies in the face of the reality that the district court, which has lived with a case and knows it well, is far better situated than an appellate court to determine quickly and easily the possible merit of a Rule 60(b) motion. *See Standard Oil Co. of California v. United States,* 429 U.S. 17, 19, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976) ("the trial court is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)."); *see also SS Zoe Colocotroni,* 601 F.2d at 41 (circuit court's "tentative screening decision would be neither binding on the district court, to whom, after all, the motion is addressed, nor particularly instructive to it").

If a Rule 60(b) motion is frivolous, a district court can promptly deny it without disturbing appellate jurisdiction over the underlying judgment. Swift denial of a Rule 60(b) motion permits an appeal from that denial to be consolidated with the underlying appeal. *See Smith v. Reddy,* 101 F.3d 351, 353 (4th Cir.1996) (reviewing both the denial of a Rule 60(b) motion and the underlying judgment in one proceeding); 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2873 (2d ed.1995). Such a procedure preserves judicial resources and eliminates unnecessary expense and delay, and therefore is surely in "aid of the appeal."

These same considerations of judicial economy and district court expertise suggest that a district court may also have jurisdiction to grant a Rule 60(b) motion while the underlying judgment is on appeal. Just as the district court is better situated than an appellate court to determine whether a Rule 60(b) motion is frivolous, so too is it better equipped to recognize a meritorious motion. Indeed, it would be both inefficient and unfortunate to require the district court to wait until the underlying appeal is completed before giving any indication of its desire to grant a pending Rule 60(b) motion. Such a prohibition would likely render the initial appeal

pointless in cases where the district court ultimately grants the motion following appeal. *See Standard Oil Co.,* 429 U.S. at 19, 97 S.Ct. 31 (holding district court can act on a Rule 60(b) motion following an appellate decision without leave from the appellate court).

However, in the context of granting a Rule 60(b) motion, these considerations come into conflict with the prohibition against dual exercise of jurisdiction in a way that does not emerge when the district court denies a Rule 60(b) motion. *See Griggs,* 459 U.S. at 58, 103 S.Ct. 400. When a district court grants a Rule 60(b) motion, it must necessarily vacate the underlying judgment and reopen the record. If a district court did this while that judgment was on appeal, two courts would be exercising jurisdiction over the same matter **\*891** at the same time—a situation that the Supreme Court has directed courts to avoid. *Id.* Accordingly, despite potential conservation of resources, allowing a district court to grant a Rule 60(b) motion while an appeal from the judgment is pending cannot be considered in furtherance of the appeal.

The competing concerns arising when a district court is inclined to grant a Rule 60(b) motion during the pendency of an appeal can be reconciled by requiring the district court to indicate its inclination to grant the motion in writing; a litigant, armed with this positive signal from the district court, can then seek limited remand from the appellate court to permit the district court to grant the Rule 60(b) motion. Efficiency counsels for this initial determination by the district court, while the necessity to avoid overlapping jurisdiction mandates limited remand by the appellate court before such action can be taken. This procedure both assists the parties and aids the appeal.

[3]   In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be

construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 699 (5th Cir.1955).

[4]   Moreover, contrary to the Company's suggestion, this procedure does not involve the district court in "issuing advisory opinions." Indisputably, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them" and are prohibited from issuing "opinion[s] advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). But when a district court indicates that it is inclined to grant a Rule 60(b) motion, it does not issue an opinion on hypothetical facts. Rather, it bases its decision on the actual facts. Similarly, a trial court's decision to issue a memorandum stating its inclination to grant the Rule 60(b) motion does affect the rights of the litigants. It allows a party to do that which it could not otherwise do—request leave from the appellate court for a limited remand to secure Rule 60(b) relief.

Finally, the procedure we adopt today finds a firm basis in precedent. The Supreme Court has never dealt with this question in the context of a civil case, but it has held that precisely this procedure is to be followed in the analogous criminal context. In *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the defendant filed a motion with the district court, pursuant to Federal Rule of Criminal Procedure 33, asserting that the judgment should be vacated and a new trial granted because of newly discovered evidence. *Id.* at 652, 667 n. 42, 104 S.Ct. 2039. The district court denied the motion "for lack of jurisdiction because the case was pending on direct appeal at that time." *Id.* at 667 n. 42, 104 S.Ct. 2039. The Supreme Court held that this ruling by the district court was erroneous. *Id.* The Court then explained the proper procedure: "The District Court had jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *Id.* (citing, *inter alia, United States v. Ellison,* 557 F.2d 128, 132 (7th Cir.1977) (explaining use of this procedure for Rule 60(b) motions in the civil context and adopting approach for Rule 33 motions)).

Although we have never before formally adopted this procedure, (we specifically reserved the question in *Weisman,* 829 F.2d at 514 n.3), this rule is entirely consistent with, and

indeed forecast by, our prior case law. *See Smith,* 101 F.3d at 353 (considering appeal **\*892** from underlying judgment together with appeal from denial of a Rule 60(b) motion filed while appeal pending); *see also Williams v. McKenzie,* 576 F.2d 566, 569, 570 n.3 (4th Cir.1978) (in habeas case no error for district court to consider Rule 60(b) motion prior to docketing of appeal; "[w]e hold only that permission of this court was not a necessary precondition for the district court to entertain the Rule 60(b)(2) motion.")

There appears to be no "sound reason" for adopting a procedure in a civil case different than that set forth in *Cronic* for a parallel motion in the criminal context. *See Garcia v. Regents of the Univ. of California,* 737 F.2d 889, 890 (10th Cir.1984). Indeed, most of our sister circuits have adopted this rule. *See SS Zoe Colocotroni,* 601 F.2d at 41–42; *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir.1992); *United States v. Contents of Accounts Nos. 3034504504 and 144–07143,* 971 F.2d 974, 988 (3d Cir.1992); *Winchester v. United States Attorney for S. Dist. of Texas,* 68 F.3d 947, 949 (5th Cir.1995); *Brown v. United States,* 976 F.2d 1104, 1110–11 (7th Cir.1992); *Winter v. Cerro Gordo County Conservation Bd.,* 925 F.2d 1069, 1073 (8th Cir.1991); *Aldrich Enter., Inc. v. United States,* 938 F.2d 1134, 1143 (10th Cir.1991); *Hoai v. Vo,* 935 F.2d 308, 311–12 (D.C.Cir.1991). *See also Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 840 (11th Cir.1982) (citing *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 930 (5th Cir.1976), and outlining this rule in dicta). As noted above, two circuits do follow the alternative approach, *see Pittock,* 8 F.3d at 327; *Scott,* 739 F.2d at 1466, but the rule we adopt today is the majority rule and, as the commentators agree, the "more satisfactory procedure" and "better" view. *See* Wright at § 2873; Moore at § 60.67[b].

### III.

For the reasons set forth above, we vacate the district court's order dismissing the Rule 60(b) motions for lack of jurisdiction. We remand the appeal from that order to the district court so that it can consider the Rule 60(b) motions on their merits. Both employees' motions were filed within the one-year time limit mandated in Rule 60(b). Thus, with our vacation of the order improperly dismissing them, they can be considered at this time. *See Helm v. RTC,* 43 F.3d 1163, 1167(7th Cir.1995) (vacating dismissal by district court of a

motion to reconsider as untimely under Rule 59 and remanding for consideration of merits of motion under Rule 60(b)); *Contents of Accounts,* 971 F.2d at 988 (remanding for lower court to consider merits of Rule 60(b) motion because it never indicated whether it would deny or accept the motion).

We express no opinion on the merits of these motions. Any statement of our views at this time would necessarily infringe on the proper role of the district court in considering the motions in the first instance. We also decline to rule at this time on the appeals from the summary judgment orders, but hold those appeals in abeyance pending resolution of the Rule 60(b) motions.

On remand, if the district court finds the Rule 60(b) motions meritless and denies them, the employees can appeal. Those appeals can be consolidated with the underlying appeals from the orders granting summary judgment that remain pending in this court. *See Smith,* 101 F.3d at 353. If the district court determines that it is inclined to grant the Rule 60(b) motions, it should issue a short memorandum so stating. The employees can then move this court for a limited remand so that the district court can grant the Rule 60(b) relief. If still dissatisfied after the Rule 60(b) motions are granted and the record reopened, the parties can appeal to this court from any subsequent final order.

*VACATED AND REMANDED.*

### All Citations

164 F.3d 887, 78 Fair Empl.Prac.Cas. (BNA) 1601, 74 Empl. Prac. Dec. P 45,725, 75 Empl. Prac. Dec. P 45,725, 42 Fed.R.Serv.3d 683

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.